ELIZABETH SONNAK, Respondent, *v.* JENNIE S. WALKER, Appellant. (Appeal No. 2.)

Second Department, March 5, 1920.

**Attachment — absence of defendant from State — practice — attachment cannot be granted prior to order for publication of summons.**

The basis for the remedy of attachment is a resident's continuous absence from the State, not generally, but for a particular period, which must be more than six months next before the granting of the order of publication of the summons against him. If no order of publication has been granted the statutory period cannot be computed.

Second Department, March, 1920.            [Vol. 191.

There cannot be an attachment first and later an order for publication of the summons; the order for publication must precede, or be granted concurrently with, the attachment.

APPEAL by the defendant, Jennie S. Walker, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 5th day of June, 1919, denying defendant's motion to vacate a warrant of attachment issued on March 26, 1919, against the defendant, purporting to be issued under section 636 of the Code of Civil Procedure.

The plaintiff's affidavit stated: " That the defendant is of full age and until the 4th day of September last, was a resident of this State, but has been continuously absent without the State of New York, for more than six months last past, and has not made a designation of a person upon whom to serve summons in her behalf, as prescribed in section 430 of the Code of Civil Procedure, as appears by the affidavits and certificate of the County Clerk hereto annexed."

No order of publication had been issued.

*David L. Podell* [*Joseph A. Corr* with him on the brief], for the appellant.

*Alfred J. Gilchrist*, for the respondent.

PER CURIAM:

The basis for the remedy of attachment is a resident's continuous absence from the State, not generally, but for a particular period. This is for more than six months next before the granting of the order of publication of the summons against him. If no order of publication has been granted, the statutory period cannot be computed. The terms of this severe remedy by attachment cannot be complied with by an attachment first, and a later order for publication of the summons. To meet the prescribed conditions, an order for publication must precede or be granted concurrently with the attachment. There is also a question whether defendant was shown to be an absentee resident of the State for the preceding six months, since the plaintiff's affidavit indicated that she had left the State on September 4, 1918, without showing any purpose of returning.

The order must, therefore, be reversed, with ten dollars costs and disbursements, and the motion to vacate the attachment granted, with ten dollars costs.

RICH, PUTNAM, BLACKMAR, KELLY and JAYCOX, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion to vacate attachment granted, with ten dollars costs.